E-FILED
Monday, 09 November, 2026 11:15:31 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **RYAN FINGERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3179** |
| | ) | |
| **DEDE BROOKHART** ***et al.*****,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Ryan Fingers, an inmate at Menard Correctional Center, has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Motion for Counsel (Doc. 7), and a Motion for Status (Doc. 11).

**I. Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's amended pleading and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the pleading, the court accepts the factual allegations as accurate and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff alleges constitutional violations at Hill Correctional Center ("HCC"), Lawrence Correctional Center ("LCC"), and Menard Correctional Center ("MCC"). Plaintiff names Illinois Department of Corrections ("IDOC") Director Latoya Hughes; Wardens Baker, Dede Brookhart, Brown, and Anthony D. Willis; Illinois Court of Claims Commissioner Ian Sharping, Attorney General Kwame Raoul, Roy Little, the Administrative Review Board ("ARB"), and the Illinois State Police as Defendants.

Plaintiff's pleading is difficult to understand. Initially, Plaintiff asserts that at an undisclosed time during his incarceration at Hill, Defendant Little had multiple inmates verbally harass him, which caused Plaintiff to "start a fight" with the harassing inmates as well as other incarcerated individuals. (Doc. 1 at 6.) Plaintiff further claims that multiple officers were also involved in the verbal harassment during a July 24, 2023, interview but does not elaborate. Plaintiff recalls transferring to restrictive housing after the July 2023 interview.

Plaintiff also claims that whenever he approaches his cell door, he experiences an effect he describes as the world "spinning and whatever took place was a repeated cycle." (*Id.*) Plaintiff asserts that he experienced this same effect while in restrictive housing for about thirty-six hours, even when lying down, describing that he felt intoxicated or being "drugged from the fumes that [were] coming from the restrictive housing door being fixed." (*Id.*) During this time, Plaintiff stated he did not feel "regular" but instead as if he was being controlled "superstitiously." (*Id.* at 7.) Plaintiff claims he felt this condition

daily and endured daily harassment from officers and inmates for about a week before he transferred to LCC on August 23, 2023. Plaintiff transferred to MCC in July 2024.

**C. Analysis**

Prison officials violate the Eighth Amendment when they treat inmates in a way that is "motivated by a desire to harass or humiliate rather than by a legitimate justification." *King v. McCarty*, 781 F.3d 889, 897–98 (7th Cir. 2015). Even where prison officials can identify a valid penological justification, their actions may still violate the Eighth Amendment if "conducted in a harassing manner intended to humiliate and cause psychological pain." *King*, 781 F.3d at 897 (quoting *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009)).

Although Plaintiff's factual account is scant, the inference that can be drawn is that Defendant Little knew his actions would lead to either physical or psychological harm. Thus, Plaintiff states a plausible Eighth Amendment claim against Defendant Little.

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to

draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff does not state plausible claims against IDOC Director Latoya Hughes; Wardens Baker, Dede Brookhart, Brown, and Anthony D. Willis; Commissioner Ian Sharping; or Attorney General Kwame Raoul, as Plaintiff does not provide any facts that demonstrate or permit the inference that they deprived Plaintiff of a constitutional right.

Additionally, Plaintiff does not assert claims against the Administrative Review Board ("ARB") or the Illinois State Police, as § 1983 claims are confined to persons acting under color of state law. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law").

Title 28 U.S.C. § 1391(b) guides the proper venue for federal civil rights actions filed under 42 U.S.C. § 1983. As provided therein, § 1983 suits may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

LCC is located in Lawrence County, Illinois, and MCC is located in Randolf County, Illinois, both of which lie within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c) (listing the Illinois counties

that comprise the Southern District of Illinois). Thus, Plaintiff must file a separate suit for the violations alleged at LCC and MCC in the Southern District of Illinois.

**II. Recruitment of Counsel**

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The Court can only ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff's motion and supplement show that he has satisfied his threshold burden by demonstrating that he attempted to find counsel independently. (Doc. 12).

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). "These two considerations 'are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand.'" (*Id.*) (quoting *Pruitt*, 503 F.3d at 655).

Specifically, courts should consider "whether the difficulty of the case—factually

and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Eagan*, 987 F.3d at 682. "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings." *Id*. The assessment "must include 'the tasks that normally attend litigation: evidence gathering, preparing[,] and responding to motions and other court filings, and trial.'" *Id.* "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his … case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id*. at 682-83.

The Court finds recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendant has been served and filed his answer to Plaintiff's complaint, which usually takes sixty days, the Court will enter a scheduling order that provides guidance and deadlines to assist Plaintiff during the discovery process. Therefore, the Court denies Plaintiff's motion for recruitment of counsel, with leave to renew on a more developed record.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 7) is DENIED.**

2) **Plaintiff's Motion for Status (Doc. 11) is MOOT.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment claim against Defendant Little as outlined in the Court's Order. Plaintiff's claim proceeds in an individual capacity**

**only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

**4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has entered an appearance before filing any motions to give Defendant notice and an opportunity to respond to those motions. The Court will deny motions filed before counsel has entered an appearance as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

**5) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After service of process, the Court will enter an order setting discovery and dispositive motion deadlines.**

**6) If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

**7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.**

**8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the**

**subject of a motion to compel. Discovery does not begin until Defendant's counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.**

9) **Defendant's counsel is granted leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk of the Court to attempt service on Defendant under the standard procedures.**

ENTERED November 9, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE